IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABRIEL MIKESELL

                Plaintiff,                            ORDER

  v.

                                                        14-cv-711-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Gabriel Mikesell seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. For reasons explained during the July 23, 2015, hearing, this case is remanded to the Commissioner.

      Mikesell alleged hyperlipidemia, hypertension, and chronic low back pain. R. 225-28.[1] The ALJ assessed Mikesell with the following severe impairments: of obesity; mild thoracolumbar scoliosis; multiple levels of partial posterior annular tear (L2-3, L3-4, L4-5 with broad-based disc bulge without focal herniation and mild flattening of ventral sac at L4-5, without significant central stenosis and no formaminal encroachment). R. 12. After assigning Mikesell the residual functional capacity to perform sedentary work with additional limitations, the ALJ found that he was not disabled because there was work available to him. R. 30.

      Remand is required because the ALJ erred in his consideration of the opinion of a treating physician, Dr. Rucker. The ALJ's evaluation of Dr. Rucker has several deficiencies. First, the ALJ provided no more than conclusory statements with regard to Dr. Rucker's report. Specifically, the ALJ credited little weight to Dr. Rucker "because [his] check-box evaluation [was] not supported by the narrative, objective evidence, or the treatment record." R. 15. The

---

[1] Record cites are to the administrative record, Dkt. 9.

ALJ made no attempt to compare the actual record to Dr. Rucker's opinion, which would be necessary to properly discredit the opinion. This failure warrants remand because it prevents meaningful appellate review. *See Herron v. Shalala*, 19 F.3d 329, 333-34 (7th Cir. 1994).

Second, based on the court's own review of the medical evidence, the ALJ was wrong to conclude that the medical evidence was inconsistent with Dr. Rucker's opinion. Mikesell had a low back syndrome, which was treated by chiropractic means, medication, and pain management. R. 325, 567, 569. The evidence cited in the ALJ's decision appears to support the lifting and rest limitations noted in Dr. Rucker's report. R. 426-27. The ALJ contended Exhibit 8F was inconsistent with Dr. Rucker's opinion, but the ALJ failed to explain what in that exhibit was inconsistent with Dr. Rucker's opinion. If, on remand, the ALJ finds inconsistencies between Dr. Rucker's opinion and the medical record, he should point them out specifically.

This order does not mandate that any medical opinion be given a particular weight, nor does it mandate a finding of disability. But on remand, the ALJ must articulate valid reasons for withholding controlling weight from Dr. Rucker's opinion. And for opinions that do not deserve controlling weight, the ALJ must identify and apply the pertinent regulatory factors in 20 C.F.R. § 404.1527(c) to weigh Dr. Rucker's opinion. Merely mentioning a factor is not enough; the ALJ must explain how that factor weighs "for or against" crediting the opinion.

Remand is also required so that the ALJ can reconsider Mikesell's credibility. The court is not persuaded by the ALJ's conclusory statements on this issue. The ALJ did not identify any part of Mikesell's testimony that was inconsistent with the record. Mikesell testified that if he were to get down on his knees he could not get up by himself. The ALJ cited nothing to contradict this testimony. But under the RFC determined by the ALJ, Mikesell can perform work that requires frequent crawling. Mikesell's documented serious back impairments, coupled

2

with his obesity, make this component of the RFC utterly implausible. If the ALJ finds Mikesell only partially credible, he must explain what part he discredits, and why.

Finally, the ALJ must consider Mikesell's obesity. Although the ALJ referenced this impairment as severe at step two of the evaluation process, the ALJ did not articulate how Mikesell's weight would have a bearing on the severity of his back problems. A person with back problems as severe as Mikesell's (but of normal body mass) is bound to have lesser restrictions than Mikesell himself has. The ALJ must account for the impact of Mikesell's obesity on his limitations.

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered July 29, 2015.

BY THE COURT:
/s/
_____
JAMES D. PETERSON
District Judge